T.C. Summary Opinion 2007-61

UNITED STATES TAX COURT

TAQUISA DEVON MACKEY, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6749-06S.               Filed April 23, 2007.

Taquisa Devon Mackey, pro se.

Jeffrey S. Luechtefeld and Francis C. Mucciolo, for
respondent.


PANUTHOS, Chief Special Trial Judge:  This case was heard
pursuant to the provisions of section 7463 of the Internal
Revenue Code in effect when the petition was filed.  Pursuant to
section 7463(b), the decision to be entered is not reviewable by
any other court, and this opinion should not be treated as
precedent for any other case.  Unless otherwise indicated,
subsequent section references are to the Internal Revenue Code in

effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a $4,575 deficiency in petitioner Taquisa Devon Mackey and Arvin D. Mackey's 2002 income tax and a $3,447 deficiency in petitioner's 2003 income tax. After concessions,[1] the issue for decision is whether petitioner is entitled to claimed itemized deductions.

Background

Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits, as well as additional exhibits introduced at trial, are incorporated herein by this reference. Petitioner Taquisa Devon Mackey resided in Winter Park, Florida, at the time the petition was filed.[2]

Petitioner was married to Arvin D. Mackey in 2002 and filed a joint Federal income tax return for that year. For 2003 petitioner filed as head of household. During the years at issue petitioner worked as a health care coordinator and an infection control nurse. Petitioner claimed various itemized deductions for 2002 and 2003 including medical expenses, taxes, home and

---

[1] For 2002, respondent concedes that petitioner is entitled to a deduction for interest expense in the amount of $11,329 and a deduction for taxes in the amount of $893. For 2003, respondent concedes that petitioner is entitled to a $600 child tax credit and a $600 child care credit.

[2] Although the notice of deficiency for 2002 was issued to both Arvin D. and Taquisa Devon Mackey, only Ms. Mackey filed a petition with this Court.

investment interest, contributions, and miscellaneous itemized deductions.

Other than amounts allowed by respondent in the notices of deficiency or immediately prior to trial, petitioner did not attempt to substantiate the claimed deductions. Petitioner asserts that the tax returns in issue were prepared by a representative of Economy Income Tax Services (EITS). Petitioner further suggests that EITS defrauded many taxpayers, including herself, and that the amounts reflected on the returns are inaccurate and not based on reality. Petitioner argues that the Internal Revenue Service (IRS) was complicit in permitting EITS to continue to prepare returns while under investigation by the IRS.

## Discussion

### Burden of Proof

In general, the Commissioner's determinations set forth in a notice of deficiency are presumed correct, and the taxpayer bears the burden of showing that the determinations are in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Pursuant to section 7491(a), the burden of proof as to factual matters shifts to the Commissioner under certain circumstances. Petitioner has neither alleged that section 7491(a) applies nor established her compliance with the requirements of section 7491(a)(2)(A) and (B) to substantiate items, maintain records,

and cooperate fully with respondent's reasonable requests. Petitioner therefore bears the burden of proof.

## Petitioner's Claimed Itemized Deductions

Deductions are a matter of legislative grace, and the taxpayer bears the burden of proving that he is entitled to any deduction claimed. Rule 142(a); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). The taxpayer is required to maintain records that are sufficient to enable the Commissioner to determine his correct tax liability. See sec. 6001; sec. 1.6001-1(a), Income Tax Regs.

Petitioner provided no information as to itemized deductions and effectively conceded the issue. Respondent is accordingly sustained on this issue, except to the extent of concessions made prior to trial. Petitioner's assertion that she should not be liable for tax because her return preparer may have violated certain laws is misplaced. Congress has provided the Commissioner with remedies that may be enforced against dishonest return preparers. See secs. 6694, 6695, 7407; Hyler v. Commissioner, T.C. Memo. 2005-26. There is no provision in law, however, that would relieve petitioner of her personal liability for a tax deficiency on account of a dishonest return preparer. Hyler v. Commissioner, supra. We note that a taxpayer may be relieved from an accuracy-related penalty under section 6662(a) where the taxpayer reasonably relies on a return preparer. ASAT,

Inc. v. Commissioner, 108 T.C. 147, 176 (1997).  As noted above, however, respondent did not determine any penalties in this case and, accordingly, this exception does not apply.

To reflect the foregoing,

Decision will be entered under Rule 155.